⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WHITFIELD COUNTY, GEORGIA

**22CI00337**
SCOTT MINTER
MAR 23, 2022 11:43 AM

*Babs Bailey*
Babs Bailey, Clerk
Whitfield County, Georgia

## IN THE SUPERIOR COURT OF WHITFIELD COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ASHIA T. MCCOWAN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. _____ |
| WAL-MART STORES EAST, LP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, ASHIA T. MCCOWAN, by and through counsel, and files this Complaint against Defendant, WAL-MART STORES EAST, LP, showing the Court and Jury as follows:

## JURISDICTION AND VENUE

### 1.

Plaintiff ASHIA T. MCCOWAN (hereinafter "Plaintiff" or "Ms. McCowan") is a resident of the State of Georgia.

### 2.

Defendant WAL-MART STORES EAST, LP (hereinafter "Defendant") is a foreign profit corporation licensed to do business in the State of Georgia with its principal place of business at 708 S.W. 8th Street, Bentonville, AR 72716.

### 3.

Defendant may be served through its Registered Agent, The Corporation Company, at 112 North Main Street, Cumming, GA 30040, with Summons, Process, Complaint, and associated written discovery.

4.

Defendant is subject to the jurisdiction and venue of this Court.

## **FACTUAL BACKGROUND**

6.

On or about March 28, 2020, Ms. McCowan was an invitee of Defendant located at 815 Shugart Road, Dalton, GA 30720 (hereinafter "premises"), when Plaintiff suffered a fall due to what appeared to be an unknown piece of deli food on the floor.

7.

The hazardous condition and/or area present that day originated from an unknown source.

8.

Defendant controlled, owned and maintained the said premises.

9.

Defendant negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions.  Defendant had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

10.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a.   Plaintiff suffered injuries to various portions of Plaintiff's body;

b.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c.   Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d.   Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e.   Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f.   Plaintiff has experienced and continues to experience mental anguish;

g.   Plaintiff is reasonably certain to experience mental anguish in the future;

h.   Plaintiff was caused to incur out-of-pocket medical expenses; and

i.   Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

## **COUNT I – NEGLIGENCE**

11.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

12.

As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

13.

Defendant negligently caused or allowed Plaintiff to be injured on their premises as it failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendant had actual or constructive notice and/or was delinquent in not discovering and removing the hazardous condition, and was negligent and/or wanton in affirmatively creating a hazard or not warning its invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees.  Further, Defendant(s) was negligent in failing to warn Plaintiff of this dangerous condition that existed on its premises that was a hazard to its invitees.

14.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

## COUNT II – PREMISES LIABILITY

15.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

16.

As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

17.

Defendant negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

18.

At the aforesaid time and place, Defendant was the owner or lessee of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee.  Further, if any defects in its owned or leased premises existed, Defendant had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendant negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

19.

Defendant was owner or lessee of the property at issue and, as such, said Defendant had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendant also controlled the inspecting and maintaining of said invitee areas and Defendant is also responsible for establishing patterns and routes for its

invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendant negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendant owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Said Defendant negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

20.

Plaintiff avers that Defendant negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendant negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendant had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendant.

21.

At the aforesaid time and place, Defendant did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

22.

Defendant negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

23.

Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendant.

24.

The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendant combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

25.

As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

## COUNT III – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

26.

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

27.

As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

28.

Defendant was under an obligation and duty to train and supervise its employees to properly inspect the foreseeably accessible areas for its invitees so that there are no dangerous conditions which were not readily discoverable to its invitees.

29.

Defendant negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendant's failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

30.

As a direct and proximate consequence of Defendant's negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

**WHEREFORE**, Plaintiff requests the following:

(a)     That Defendant be served with process;

(b)     That Plaintiff recover from Defendant, jointly and severally, for past, present and future pain and suffering, both physical and mental, past, present and future medical expenses, past, present and future lost wages, and for permanent injury, as determined by a fair and impartial jury;

(c)     That Plaintiff have a trial by jury of their peers;

(d)     That Plaintiff recover all expenses of litigation, including attorneys' fees;

(e)     That Plaintiff have such other, further and different relief as allowed by Georgia law and as this Court and the jury deem just and appropriate.

[SIGNATURES ON NEXT PAGE]

This 23rd day of March, 2022.

Respectfully Submitted,

*/s/ Saif S. Ahmed*

Saif S. Ahmed
Georgia Bar No. 684067
J. ROSS MASSEY
Georgia Bar No. 788136
*Counsel for Plaintiff*

SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA  30605
(762) 255-1720 | Telephone
(205) 983-8445 | Fax
rmassey@asilpc.com
sahmed@asilpc.com

IN THE SUPERIOR COURT OF WHITFIELD COUNTY
STATE OF GEORGIA

ASHIA T. MCCOWAN,                                    Civil Action File No.
                                                     22CI00337
            Plaintiff,

v.

WAL-MART STORES EAST, LP,

            Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

### 2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint, as stated.  Defendant is a "limited partnership".

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint, as stated.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Rome Division.

5.

There is no paragraph number 5 in Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., g., h., and i., thereof.

"COUNT I - NEGLIGENCE"

11.

Defendant hereby re-alleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if her again set out in both letter and number.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's

Complaint.

"COUNT II - PREMISES LIABILITY"

15.

Defendant hereby re-alleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if here again set out in both letter and number.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

"COUNT III - NEGLIGENT, RECKLESS AND
WANTON SUPERVISION AND TRAINING"

26.

Defendant hereby re-alleges and re-avers all of the answers contained in the preceding paragraphs of this Answer the same as if her again set out in both letter and number.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

32.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served

upon opposing counsel via Peach Court E-File.

This the   20th   day of April, 2022.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com